■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SLATER, Appellant. [701 NYS2d 371] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered July 21, 1997, convicting defendant, after a jury trial, of two counts of murder in the second degree (intentional and felony murder), and one count each of robbery in the first and second degrees, and sentencing him to concurrent terms of 25 years to life on the murder convictions, to run consecutively to concurrent terms of 8⅓ to 25 years and 5 to 15 years, respectively, on the robbery convictions, unanimously modified, on the law, to provide that the sentence for the first-degree robbery conviction run concurrently with the sentences on the murder convictions and that the sentence for the second-degree robbery conviction run concurrently with the sentence on the felony murder conviction but consecutive to the sentence on the intentional murder conviction, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility.

The court properly exercised its discretion when it denied defendant's request for a mistrial after sustaining his objection to a detective's response that he knew from the way the robbery victim reacted he believed the victim knew either one or both of his assailants. In view of the overwhelming evidence of defendant's guilt, this was not so prejudicial as to warrant such a drastic remedy, particularly in view of defendant's failure to seek a curative instruction. Testimony that this case became the subject of television programs including "America's Most Wanted" as part of the efforts to locate defendant, who disappeared after the crime, was probative on the issue of flight, and was admissible as circumstantial evidence of defendant's consciousness of guilt.

Defendant's sentence on the first-degree robbery conviction should run concurrently with his sentence on the intentional murder conviction, because the first-degree robbery count was predicated on the forcible taking of property from the surviving victim as well as serious physical injury to the deceased victim, and because the same act that caused the deceased victim's serious physical injury for purposes of the first-degree robbery conviction caused his death for purposes of the intentional murder conviction (see, People v Laureano, 87 NY2d 640, 643-644). The sentences on both robbery convictions should run concurrently with the sentence on the felony murder convic-

tion, because the robbery was the predicate for the felony murder (*see, People v Leo*, 255 AD2d 458, *lv denied* 93 NY2d 973; *People v Ortiz*, 250 AD2d 626, *lv denied* 92 NY2d 858). However, because the intentional murder was distinct from the second-degree robbery, which did not require injury to the murder victim, consecutive sentences were appropriate (Penal Law § 70.25 [2]; *People v Leo*, *supra*). Concur—Nardelli, J. P., Tom, Lerner and Saxe, JJ.