■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GARCIA, Appellant. [713 NYS2d 733] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered March 24, 1997, convicting defendant, after a jury trial, of two counts of murder in the second degree and four counts of robbery in the first degree, and sentencing him to concurrent terms of 25 years to life on the murder convictions, to run consecutively to consecutive terms of 8⅓ to 25 years on the robbery convictions, unanimously affirmed.

The court properly rejected defendant's claims made pursuant to Batson v Kentucky (476 US 79). The court made a suitable inquiry as to a venireperson whose ethnicity was questioned. When the prosecutor stated that she did not believe that this juror was Latina, and the court found that belief to be sincere, this was sufficient to complete the Batson process and establish that the prosecutor had no intent to discriminate against that venireperson on the basis of ethnicity. Defendant has failed to preserve for appellate review his contention that the court failed to make a proper Batson inquiry as to another venireperson (see, People v Childress, 81 NY2d 263), and we decline to review this claim in the interest of justice. Were we to review such claim, we would find that the record supports the court's implicit finding that the prima facie case of discrimination made in a prior round was no longer applicable (see, People v Davis, 251 AD2d 137, lv denied 92 NY2d 895). The record supports the court's conclusion that the reasons proffered by the prosecutor for exercising peremptory chal-

lenges against two additional prospective jurors were race-neutral and nonpretextual. A trial court's findings with respect to pretextuality are entitled to great deference (*see, People v Hernandez*, 75 NY2d 350, *affd* 500 US 352).

Defendant's contention regarding the prosecutor's failure to produce a witness referred to in her opening statement and the court's failure to provide a curative instruction is not preserved and we decline to review it in the interest of justice. Defendant merely alluded to the possibility of making a mistrial motion on this ground at some later point in the trial, but did not actually make such a motion. Were we to review this claim, we would find that there was no evidence of bad faith on the part of the People and that, in light of the overwhelming evidence of defendant's guilt, there was no significant probability that the jury would have acquitted defendant had it not heard the remarks about the individual who did not testify at trial. Accordingly, defendant did not suffer undue prejudice (*see, People v Rizzo*, 175 AD2d 221, *lv denied* 79 NY2d 923; *see also, People v De Tore*, 34 NY2d 199, *cert denied sub nom. Wedra v New York*, 419 US 1025). Moreover, the court's instructions, both before and at the close of trial, concerning the distinction between argument and evidence, were sufficient under the circumstances (*see, People v Thomas*, 232 AD2d 251, *lv denied* 89 NY2d 930; *People v Alacantar*, 183 AD2d 579, *lv denied* 80 NY2d 900).

Consecutive sentences were lawfully imposed since the shooting of the victim was a distinct, successive intentional act, not done in furtherance of the robberies (*see, People v Slater*, 268 AD2d 260, *lv denied* 94 NY2d 925). We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Tom, Andrias, Buckley and Friedman, JJ.