**Victor GARCIA, Petitioner–Appellee,**

v.

**Leonard A. PORTUONDO, Shawangunk Correctional Facility; Eliot L. Spitzer, Respondents–Appellants.**

No. 03–2963.

United States Court of Appeals, Second Circuit.

July 19, 2004.

Lynetta M. St. Clair, Assistant District Attorney for Bronx County (Joseph N. Ferdenzi, Stanley R. Kaplan, Assistant District Attorneys, Robert T. Johnson, District Attorney, on the brief), Bronx, NY, for Appellant, of counsel.

Lorraine Maddalo, The Legal Aid Society, New York, NY, for Appellee.

PRESENT: MINER, STRAUB, Circuit Judges, and FEUERSTEIN, District Judge.[*]

*SUMMARY ORDER*

Petitioner–Appellant Victor Garcia was convicted in March 1997, after a jury trial in New York Supreme Court, Bronx County, of two counts of Murder in the Second Degree and four counts of Robbery in the First Degree. Garcia was sentenced to two concurrent indeterminate terms of incarceration of twenty-five years to life on each murder count, to run consecutively with four consecutive indeterminate terms of eight and one-third years to life on the robbery counts, for an aggregate of fifty-eight and one-third years to life. Garcia is presently serving this sentence.

In April 2003, Garcia filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting that (i) the state court deprived him of his right to equal protection by rejecting his claim under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that two venirepersons, Marlene Arce and Erida Velez, were dismissed because they were Latina; and (ii) he was deprived of his right to effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because trial counsel incorrectly informed Garcia that the sentence he faced was twenty-five years to life if convicted after trial.

The District Court rejected both of Garcia's *Batson* claims. The court found that Garcia's claim regarding venireperson Arce failed because "[t]he trial court adhered to the *Batson* framework, giving petitioner's counsel adequate opportunity to carry his step-one burden of making a prima facie case of purposeful discrimination." The District Court held that Garcia's challenge to Velez was procedurally barred.

With respect to Garcia's ineffective assistance of counsel claim, however, the District Court found that, in light of the contradictory factual allegations in the parties' affidavits regarding both the advice that Garcia received from his trial counsel and the possibility of a fifteen-year plea deal, it was unreasonable for the state court to reject Garcia's claim without holding a hearing. Accordingly, the District Court granted Garcia a writ of habeas corpus as to his *Strickland* claim. The District Court concluded that holding a hearing to resolve the disputed factual issues was unlikely to be productive because six years had passed since Garcia's trial. Instead, the District Court directed that Garcia be given a new trial. Shortly after the District Court's order was filed, the government filed a motion for reconsideration,

---

[*] The Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, sitting by designation.

which the District Court promptly denied. We presume familiarity with the factual background of this case, its procedural history, and the specification of issues for appellate review.

On appeal, the government challenges the District Court's decision to grant Garcia a new trial with respect to Garcia's ineffective assistance of counsel claim. Garcia cross-appeals, claiming that the District Court's dismissal of his *Batson* challenges was in error. We review the legal conclusions underpinning the District Court's grant or denial of a habeas petition *de novo* and review its factual findings for clear error. *See Hemstreet v. Greiner,* 367 F.3d 135, 138 (2d Cir.2004). The District Court's denial of the government's Rule 60(b) motion for reconsideration is reviewed for an abuse of discretion. *Harris v. Kuhlmann,* 346 F.3d 330, 348 (2d Cir. 2003).

■ At the outset, the government asserts that the state court's dismissal of Garcia's ineffective assistance of counsel claim, pursuant to N.Y. CRIM. PROC. LAW § 440.30(4)(c), was based on an "independent and adequate state procedural ground," which prevents federal habeas review absent a showing of cause for the state procedural waiver and prejudice resulting therefrom. *See Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Under § 440.30(4)(c), a court presented with a motion to vacate a judgment pursuant to N.Y. CRIM. PROC. LAW § 440.10, "[u]pon considering the merits of the motion, ... may deny it without conducting a hearing if ... [a]n allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof." We agree with the District Court that, based upon the plain language of § 440.30(4)(c), the state court's decision was a judgment on the merits. Even aside from the fact that the provision opens with an explicit refer-

ence to "considering the merits of the motion," subsection (c) implicitly requires a balancing of the evidence presented by the parties by, first, calling for an identification by the court of those facts that are "essential to support the motion" and, then, requiring the court to evaluate whether those facts are "conclusively refuted" by the documentary evidence. As such, the District Court properly found that Garcia's § 2254 claim of ineffective assistance of counsel was not procedurally barred.

■ It is also clear, as the District Court found, that Garcia alleged a viable *Strickland* claim. A criminal defendant is entitled to effective assistance of counsel at all critical stages in the criminal proceedings, including during plea negotiations. *See Boria v. Keane,* 99 F.3d 492, 496–97 (2d Cir.1996) ("The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case.... Effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered.") (citations and internal quotation marks omitted). Where a trial attorney "grossly underestimat[es]" his client's sentencing exposure, as Garcia alleges occurred here, the attorney has "breached his duty as a defense lawyer in a criminal case 'to advise his client fully on whether a particular plea to a charge appears desirable.'" *United States v. Gordon,* 156 F.3d 376, 380 (2d Cir.1998) (quoting *Boria,* 99 F.3d at 496). The state court's determination that affirmations from the state prosecutor and from Garcia's trial counsel were "unquestionable documentary proof" that "conclusively refuted" Garcia's constitutional claims seems to be a most unreasonable application of § 440.30(4)(c). We agree with the District Court that the state court's refusal to hold a hearing under these circumstances "resulted in a decision" that was "an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

■ That being said, we cannot affirm the District Court's decision to order that Garcia be granted a new trial. We have clearly recognized that the passage of time may impair a court's ability to reconstruct events or to find relevant facts. *See Harris*, 346 F.3d at 347–49; *Brown v. Kelly*, 973 F.2d 116, 121 (2d Cir.1992); *United States v. Alvarado*, 923 F.2d 253, 256 (2d Cir.1991). Nevertheless, our cases emphasize that " 'if appropriate findings may be conveniently made, this should be done.' " *Harris*, 346 F.3d at 348 (quoting *Brown*, 973 F.2d at 121); *see also Alvarado*, 923 F.2d at 256. In *Harris*, which involved a fifteen-year lapse of time between the original trial and the district court's ruling on the habeas petition, we held that "the District Court has the discretion to order a new trial only where it is demonstrably true that the passage of time [has] impair[ed] the trial court's ability to make a reasoned determination of the prosecutor's state of mind when the jury was selected." 346 F.3d at 348 (noting the requirement that the district court make detailed findings about "the effect of the passage of time") (alterations in original; internal quotation marks omitted). Applying *Harris* and our other precedents to the facts presented here, we find that the District Court exceeded the bounds of its discretion in granting Garcia a new trial without either holding a hearing or otherwise attempting to develop the record in a way that might allow resolution of the merits of Garcia's claim of ineffective assistance of counsel. Therefore, we vacate and remand that portion of the District Court's judgment which ordered that Garcia be granted a new trial.

■ With respect to Garcia's *Batson* claims, we are persuaded by his argument that the trial court's abbreviated inquiry with respect to both Arce and Velez did not comply with the framework set forth by the Supreme Court in *Batson*. In both instances, despite the fact that Garcia had already established a *prima facie* case of discrimination, the court failed to proceed to the second step of the *Batson* analysis: requiring the government to articulate race-neutral reasons for its challenges.

■ We further find that the District Court erred in concluding that Garcia's claim regarding Velez was procedurally barred. We do not dispute that the New York's contemporaneous objection rule, N.Y. CRIM. PROC. LAW § 470.05(2), which the Appellate Division apparently relied on in this case, *see People v. Garcia*, 276 A.D.2d 285, 713 N.Y.S.2d 733 (1st Dep't 2000), constitutes an "independent" state ground, *see Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir.1999). However, we believe the application of the rule in this case to be "inadequate to preclude federal habeas review" of Garcia's claim. *Cotto v. Herbert*, 331 F.3d 217, 247 (2d Cir.2003). In order to find that the procedural bar at issue is "adequate," we must find that it is "based on a rule that is firmly established and regularly followed by the state in question." *Id.* at 239 (internal quotation marks omitted). With respect to both Arce and Velez, Garcia clearly objected on *Batson* grounds and did so in a manner that unmistakably "made his position ... known to the court." N.Y. CRIM. PROC. LAW § 470.05(2). As we explained in *Cotto*, once a defendant has registered such an objection, "the law does not require [him] to make repeated pointless protests after the court has ruled." 331 F.3d at 247 (alteration in original; internal quotation marks omitted). "At a minimum, such a practice is not firmly established and regularly followed in the circumstances presented in this case." *Id.* (internal quotation marks omitted). As such, the District Court erred in finding that Garcia's claim as to venireperson Velez was procedurally barred.

On remand, the District Court should conduct a reconstruction hearing with respect to both of the contested challenges to determine, if possible, whether the prosecutor had valid, race-neutral reasons for exercising his peremptory challenges against Arce and Velez.

We have considered all of the parties' other arguments and find them to be without merit. For the foregoing reasons, we VACATE the judgment of the District Court and REMAND the case for further proceedings in accordance with this order.