(March 24, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WALTON, Appellant. [791 NYS2d 712]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 14, 2001, upon a verdict convicting defendant of the crimes of murder in the second degree, robbery in the first degree, robbery in the second degree and burglary in the first degree.

Defendant was charged with various counts of murder, robbery and burglary in connection with the home invasion of an apartment where marihuana was sold. After a joint trial, defendant and his codefendant were convicted of felony murder, robbery in the first and second degrees, and burglary in the first degree. Defendant was sentenced, as a second felony offender, to an aggregate term of imprisonment of 50 years to life. He now appeals, contending that the evidence was legally insufficient and his conviction was against the weight of the evidence.

The evidence was legally sufficient to support defendant's conviction. An accomplice testified that on the night of the home invasion, defendant identified the apartment in question and

stated that they could probably get money from that apartment. He and the codefendant put on women's wigs and had guns. The accomplice drove them to the vicinity of the apartment and saw defendant and his codefendant walk toward the apartment. A few minutes later, they returned to the car without the wigs. Defendant had marihuana and the codefendant had money. Later that night, defendant told the accomplice that he shot the dogs in the apartment.

While an accomplice's testimony alone cannot serve as the basis for a conviction, but must be "supported by sufficient corroborative evidence tending to connect the defendant with the commission of the alleged offense" (*People v Mensche*, 276 AD2d 834, 834-835 [2000], *lv denied* 95 NY2d 966 [2000]; *see* CPL 60.22 [1]), such corroborative evidence existed here. Immediately before the invasion took place, defendant told the accomplice's roommate that he was going to rob an apartment where marihuana was sold. The accomplice then left with defendant and the codefendant, both of whom were wearing women's wigs and carrying guns. Later that night, the roommate saw defendant with a bag containing several smaller bags of marihuana. A tenant of the apartment who was present when the invasion occurred could not identify her attackers, but did testify that they were black men, had guns, wore women's wigs, took marihuana and money from her apartment and shot her boyfriend in the head. Police confirmed that two women's wigs were found down the block from the apartment, one of the tenants was shot point-blank in the head causing his death and the robbers shot three of the tenants' pit bulls, killing two of them. This evidence adequately corroborated the accomplice's testimony and tended to connect defendant with the home invasion. Considered as a whole, in a light most favorable to the prosecution, the evidence was legally sufficient to establish beyond a reasonable doubt each element of the crimes for which defendant was convicted (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Lopez*, 9 AD3d 692, 694 [2004]).

The conviction was not against the weight of the evidence. Because a different result would not have been unreasonable, considering that another individual confessed to participating in this crime, this Court must " 'weigh the relative probative force of [the] conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra* at 495, quoting *People ex rel. Mac-Cracken v Miller*, 291 NY 55, 62 [1943]). In so doing, we give great deference to the jury's observations of the witnesses and their demeanor, and the resulting credibility determinations

(*see People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]). The jury apparently credited the live testimony of the accomplice and her roommate over the written statement of the other individual who confessed. The jury's requests for readbacks of both those live witnesses' testimony, as well as the stipulation regarding facts disclosed to the public through media coverage of the crime before the other individual confessed, indicate that the jury carefully deliberated and properly considered the conflicting testimony in resolving credibility and reaching a verdict. As the weight of the evidence supports defendant's conviction, we affirm (*see People v Walton*, 13 AD3d 729, 730 [2004]).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.