■ The People of the State of New York, Respondent, v Shuaib S. Wesley, Appellant. [797 NYS2d 632]—

Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered September 5, 2002, upon a verdict convicting defendant of the crimes of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

During the early morning hours of May 27, 2001, Shyrone Reape was attending a party in the City of Binghamton, Broome County, when he was shot. Following an extensive investigation, defendant was indicted and charged with the crimes of attempted murder in the second degree, assault in the first degree, assault in the second degree, criminal use of a firearm in the first degree, criminal possession of a firearm in the second degree and criminal possession of a weapon in the third degree.* At the conclusion of a six-day jury trial, defendant was convicted of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree for which he was sentenced, as a second felony offender, to an aggregate term of 22 years in prison, with five years of postrelease supervision. Defendant now appeals.

With regard to defendant's myriad contentions, we need concern ourselves with but a few. Initially, defendant contends that there was legally insufficient evidence to support his convictions due to the inadequate corroboration of accomplice testimony. In that regard, we need note only that County Court did not charge the jury with regard to accomplice testimony, and defendant neither excepted to the charge as a whole nor requested a specific charge concerning corroboration of accomplice testimony. Accordingly, the issue is not preserved for our review. Moreover, even if we were to consider defendant's claim in the interest of justice, a review of the record makes plain that there is no evidence from which it could be concluded that

* The People later successfully moved to dismiss the charges of assault in the second degree and criminal use of a firearm in the first degree.

the witnesses referred to participated in the shooting or could have been charged with any offense based on the conduct giving rise to the offenses charged against defendant (*compare People v Adams*, 307 AD2d 475, 477 [2003], *lv denied* 1 NY3d 566 [2003]). Finally, even assuming that there was a factual question as to whether the witnesses referred to were accomplices, it is clear that any error in that regard is harmless inasmuch as there is abundant evidence to corroborate the witnesses' testimony.

Defendant's contention that his oral statement was involuntarily procured because of alleged police trickery also is unavailing. Initially, we note that at the conclusion of a *Huntley* hearing, defendant conceded that the statements made by him were voluntary and would be admissible at trial. His only contention at that time was that the police had inaccurately or untruthfully set forth what he allegedly said. Hence, defendant's present challenge as to the voluntariness of his statement is not before us. Were we to reach this issue, we would note that deception by the police in obtaining a statement is not, standing alone, sufficient to render a confession inadmissible (*see People v Jordan*, 193 AD2d 890, 892 [1993], *lv denied* 82 NY2d 756 [1993]). We have considered defendant's remaining arguments and find them equally unavailing.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

