■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY D. THOMAS, Appellant. [822 NYS2d 803]—

Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered July 11, 2005, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant and his brother, codefendant Timothy J. Thomas, were indicted for burglary in the second degree as a result of their unlawful entry into a residence owned by their parents in the Town of Russell, St. Lawrence County. At the time of the burglary, the home was rented to Karl Whiteford who had been living there for more than a year with his daughter and her boyfriend. They were in the process of moving out and understood that they had until the end of February 2004 to remove their belongings. When defendant and his brother entered the home on February 19, 2004, the tenants were out. They removed a number of items, including two televisions, a stereo, a hunting bow and case, and a mounted deer head. Convicted of burglary in the second degree and sentenced to three years in prison with five years of postrelease supervision, defendant appeals and we affirm.*

We find the evidence legally sufficient to support the conviction. Contrary to defendant's assertion, the evidence established that the building from which he stole property was a dwelling

---

* Defendant's brother was also convicted of burglary in the second degree after a joint trial and his appeal is also before this Court (*People v Thomas*, 33 AD3d 1053 [2006] [decided herewith]).

(*see* Penal Law § 140.00 [3]) which had been rented to a tenant. Although the home may have been unoccupied at the precise time of the burglary, it was still a dwelling within the parameters of the Penal Law (*see* Penal Law § 140.00 [3]; *see People v Barney*, 99 NY2d 367, 372 [2003]). With further evidence establishing that defendant entered the residence with intent to commit a crime therein, it was for the jury to assess his contrary assertion that he was cleaning out the residence for his father (*see People v Marmulstein*, 6 AD3d 879, 880-881 [2004], *lv denied* 3 NY3d 660 [2004]).

Next challenging the testimony of the alleged accomplice, Ellie Matthie, we agree that defendant may not be convicted solely upon her testimony if it is unsupported by corroborative evidence tending to connect him with the commission of the charged crime. But, where there are differing inferences to be drawn from the evidence regarding the complicity of a witness, it is for the jury to decide whether that witness is an accomplice (*see* CPL 60.22 [2]; *People v Adams*, 307 AD2d 475, 475-476 [2003], *lv denied* 1 NY3d 566 [2003]). Here, Matthie testified that she was riding in the vehicle with defendant and his brother when they went to commit the burglary. She testified that she did not know why they were going to the residence and that when they entered the dark home, they did not turn on the lights. When they left carrying property, they admitted to her, after her questioning, that they were stealing the objects. Under these circumstances, the jury was entitled to find that she was not acting as an accomplice. Had she been so considered, we would have found her testimony corroborated. Defendant's parents confirmed that defendant and his brother were at their house on the night of the burglary and they were in possession of the stolen mounted deer head on the following night.

The jury was empowered to resolve all conflicting testimony concerning whether defendant had a lawful right to enter the home (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Zabala*, 290 AD2d 578, 579-580 [2002], *lv denied* 97 NY2d 735 [2002]). Viewing the evidence in its totality, we find that the verdict was not against the weight of the evidence.

Nor do we find error in permitting the People to reopen their case. Such decision rests within County Court's discretion and it will not be disturbed absent evidence of abuse (*see* CPL 260.30; *People v Whipple*, 97 NY2d 1, 6-7 [2001]; *People v Duplessis*, 16 AD3d 846, 847 [2005], *lv denied* 4 NY3d 853 [2005]). The evidence revealed that the court was misinformed concerning an agreement between the People and the defense not to introduce the black gloves purportedly worn by defen-

dant during the burglary. For that reason, it properly conducted a suppression hearing in the midst of the trial. Based upon the evidence presented, it appropriately denied the motion.

Similarly unavailing is defendant's challenge to County Court's refusal to instruct the jury concerning a landlord's right to enter a premises abandoned by a tenant for the purpose of reletting the property. With no evidence to support such theory, County Court instead instructed the jury that defendant could be relieved from criminal liability if he was acting under a mistaken belief that would negate the culpable mental state for the charged offense. Defendant's argument that he went to the house to clean it out for his father was not found to be credible. Moreover, as defendant failed to object to County Court's jury instructions or specifically request a charge concerning Matthie's status as a purported accomplice, these issues are not properly before us for review (*see People v Wesley,* 19 AD3d 937 [2005], *lv denied* 5 NY3d 857 [2005]).

We have considered defendant's remaining ascriptions of error and find them to be without merit. However, we must vacate defendant's sentence and remit the issue to County Court because defendant's three-year prison sentence is one-half year less than the minimum authorized for the class C violent felony offense for which he was convicted (*see* Penal Law § 70.02 [1] [b]; [3] [b]; *People v Sellers,* 222 AD2d 941, 941 [1995]).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for resentencing; and, as so modified, affirmed.