■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE FAULKNER, Appellant. [826 NYS2d 831]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 14, 2001, upon a verdict convicting defendant of the crimes of murder in the second degree, robbery in the first degree, robbery in the second degree and burglary in the first degree.

After a joint trial in connection with a home invasion at an apartment where marihuana was sold, defendant and his codefendant were convicted of felony murder, robbery in the first and second degrees and burglary in the first degree. This Court previously affirmed his codefendant's conviction (*People v Walton*, 16 AD3d 903 [2005], *lv denied* 5 NY3d 796 [2005]). We now address defendant's appeal.

The conviction was based on legally sufficient evidence and was not against the weight of the evidence. The only substantial issue at trial was the identity of the perpetrators. Initially, we disagree with defendant's allegation that the roommate of the getaway driver was an accomplice, as the record fails to show that the roommate took any part in the crimes or advised or encouraged any participant (*see People v Wesley*, 19 AD3d 937, 937-938 [2005], *lv denied* 5 NY3d 857 [2005]; *People v Adams*, 307 AD2d 475, 475-478 [2003], *lv denied* 1 NY3d 566 [2003]; *see also People v Brazeau*, 162 AD2d 979, 980 [1990], *lv denied* 76 NY2d 891 [1990]; *People v Torres*, 160 AD2d 746, 747 [1990], *lv*

*denied* 76 NY2d 897 [1990]). Testimony of the woman who drove the getaway car, and was thus an accomplice, was adequately corroborated by testimony of an occupant of the apartment that was robbed, the accomplice's roommate and physical evidence. Immediately before the home invasion occurred, the roommate saw defendant and his codefendant wearing women's wigs and carrying guns. The apartment tenant testified that the invaders were black men, wore women's wigs, brandished guns, shot her boyfriend and took money and marihuana. The codefendant had bags of marihuana later that night. Police found two women's wigs down the block from the apartment. The roommate also testified that after reading about the invasion in the morning newspaper and showing it to defendant, he confessed to her that he killed "the kid." This evidence was sufficient to corroborate the accomplice's testimony (*see People v Mensche*, 276 AD2d 834, 834-835 [2000], *lv denied* 95 NY2d 966 [2000]; *see also* CPL 60.22 [1]). Together with the accomplice testimony, which placed defendant at the scene of the crimes and in possession of the proceeds immediately thereafter, the evidence was legally sufficient to support each conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Walton, supra* at 904). Since a contrary result would not have been unreasonable, we weigh the conflicting testimony and inferences that may be drawn from that testimony and determine that the convictions were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Walton, supra* at 904-905).

Defendant's arguments concerning the adequacy of various aspects of the jury charge are unpreserved as he failed to object to the charge (*see People v Schwing*, 9 AD3d 685, 686 [2004], *lv denied* 3 NY3d 742 [2004]). In any event, County Court acted within its discretion in delivering the now-challenged portions of the charge, and such portions adequately conveyed the applicable law and provided the jury with guidance in applying that law to the facts (*see People v Drake*, 7 NY3d 28, 33-34 [2006]; *People v Knight*, 87 NY2d 873, 874 [1995]).

Absent a request that voir dire be recorded, and given defendant's acquiescence in County Court's procedure of merely having a stenographer available to record any objections, the absence of a stenographic record of that portion of the trial does not constitute reversible error, especially where no prejudice to defendant has been demonstrated or alleged (*see People v Vasquez*, 226 AD2d 932, 932-933 [1996], *affd* 89 NY2d 521 [1997], *cert denied sub nom. Cordero v Lalor* 522 US 846 [1997]; *People v Rick*, 224 AD2d 790, 790 [1996], *lv denied* 88 NY2d 852 [1996]; *see also* Judiciary Law § 295; *People v Harrison*, 85 NY2d 794, 796 [1995]).

Defendant's argument concerning his sentences has some merit. Rather than specifically delineating which sentences would run concurrently or consecutively to one another, as it should have done, County Court declared that "[t]o the extent that these sentences can run consecutive to [one] another, they will run consecutive." Sentences imposed for two or more offenses may not be imposed consecutively where either a single act constitutes multiple offenses or a single act constitutes one offense and a material element of another offense (*see* Penal Law § 70.25; *People v Ramirez*, 89 NY2d 444, 451 [1996]; *People v Jeanty [Johnson] [Black] [Bernard]*, 268 AD2d 675, 680 [2000], *lvs denied* 94 NY2d 945, 949 [2000]). Here, the indictment and jury instructions set forth robbery as the underlying felony for the felony murder count. As commission of a robbery was a material element of the felony murder count, the sentence for felony murder was required to run concurrently to the sentences for both concurrent robbery counts (*see People v Parks*, 95 NY2d 811, 814-815 [2000]). Because burglary and felony murder each require the commission of acts not common to the other, the sentences for those crimes are consecutive even though the acts were part of a continuous course of criminal activity (*see* Penal Law § 70.25 [2]; *People v Salcedo*, 92 NY2d 1019, 1021 [1998]; *People v Butler*, 241 AD2d 912, 913 [1997], *lv denied* 91 NY2d 870 [1997]; *People v Mebert*, 194 AD2d 809, 810 [1993], *lv denied* 82 NY2d 722 [1993]; *compare People v Larew*, 11 AD3d 727, 728-729 [2004]; *People v Roman*, 279 AD2d 485, 486 [2001], *lv denied* 96 NY2d 806 [2001]; *People v Slater*, 268 AD2d 260, 260-261 [2000], *lvs denied* 94 NY2d 925 [2000], 95 NY2d 892 [2000]; *People v Anderson*, 254 AD2d 701, 702 [1998], *lv denied* 92 NY2d 980 [1998]; *People v Pringle*, 216 AD2d 863, 864 [1995], *lv denied* 86 NY2d 845 [1995]; *People v Whiting*, 182 AD2d 732, 733 [1992], *lv denied* 80 NY2d 1030 [1992]).

We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentences for murder in the second degree and burglary in the first degree shall run consecutively and all other sentences shall run concurrently, and, as so modified, affirmed.