■ The People of the State of New York, Respondent, v Seth A. Moyer, Appellant. [906 NYS2d 175]—

Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 31, 2009, upon a verdict convicting defendant of the crime of burglary in the third degree.

During the early morning hours of October 18, 2008, a burglary occurred at Bowlmor Lanes, a bowling alley and bar located in the Village of Massena, St. Lawrence County. Two days later, James St. Hilaire and Amanda Delosh were brought into the Massena Police Department on separate, unrelated charges. While there, they informed officers that they had been at the home of Jason Woodard on October 18, 2008 when defendant pulled out a "wad of money" and stated that he had broken into the Bowlmor. Defendant was thereafter arrested and, following a jury trial, was convicted of burglary in the third degree. His motion to set aside the verdict pursuant to CPL article 330 on the basis of newly discovered evidence was denied by County Court. Defendant now appeals.

Defendant contends that the conviction was against the

weight of the evidence.* Initially, since the jury was not charged with respect to accomplice testimony and defendant neither objected to the jury charge as a whole nor requested a specific instruction concerning corroboration of accomplice testimony, defendant's contention that there was inadequate corroboration of the accomplice testimony of St. Hilaire and Delosh is not preserved for our review (*see People v Wesley*, 19 AD3d 937, 938 [2005], *lv denied* 5 NY3d 857 [2005]; *see also People v Thomas*, 33 AD3d 1056, 1058 [2006], *lv denied* 8 NY3d 850 [2007]). In any event, the record is bereft of evidence from which one could conclude that either St. Hilaire or Delosh took any part in the crime or induced or encouraged any participant (*see People v Faulkner*, 36 AD3d 951, 951 [2007], *lv denied* 8 NY3d 922 [2007]; *People v Wesley*, 19 AD3d at 937-938).

Upon weighing and assessing the evidence in light of the elements of the crime as charged to the jury (*see People v Johnson*, 10 NY3d 875, 878 [2008]; *People v Moore*, 59 AD3d 809, 810 [2009]), we cannot say that the verdict was against the weight of the evidence. As to the sole substantive issue at trial, the identity of the perpetrator, Delosh and St. Hilaire testified that they were with defendant at Woodard's home on October 18, 2008 when defendant displayed money and bragged about breaking into the Bowlmor and taking the lottery machine. According to St. Hilaire, defendant stated that he had given "another one for [the] Massena PD to chock up" by committing the burglary and could have used St. Hilaire to help him carry the lottery machine. The investigating officer testified, among other things, that at the time he interviewed St. Hilaire and Delosh, the information they provided was consistent with the details of the crime, which had not yet been made public. St. Hilaire also disclosed that, while he and defendant were incarcerated shortly after the burglary, defendant approached him and made a threatening gesture toward him as if snapping a stick. During that same time period, St. Hilaire was approached by another inmate, who testified that he relayed a message from defendant to St. Hilaire to "change his story." Although Delosh signed a written statement a few weeks before trial recanting her initial statement to police implicating defendant, she explained that she did so out of fear at the request of defendant's girlfriend, and that the subsequent statement was false.

Defendant presented testimony from various witnesses regarding his whereabouts during the relevant time period.

---

* Although defendant also appears to argue that the verdict was based upon legally insufficient evidence, he failed to properly preserve this issue for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]).

Woodard denied having any contact with St. Hilaire or Delosh between October 17 and 20, 2008, and Woodard's live-in girlfriend confirmed that neither St. Hilaire nor Delosh were at their home during that time period. Defendant's girlfriend testified that she and defendant were at a birthday party for Woodard's son on October 18, 2008, at which Delosh was not present, and that she did not see St. Hilaire and defendant together between October 16 and 20, 2008. With regard to the letter signed by Delosh contradicting her initial statement to police, defendant's girlfriend explained that Delosh approached her because she had lied to the police, felt bad and wanted to make a statement to that effect, and that she drove a willing Delosh to have the statement notarized and mailed.

The conflicting testimony presented by the various witnesses "presented 'a classic credibility issue' for the jury to resolve" (*People v Mitchell*, 57 AD3d 1308, 1309 [2008], quoting *People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]; *see People v Livingston*, 262 AD2d 786, 787 [1999], *lv denied* 94 NY2d 881 [2000]). The contradictions and inconsistencies in the testimony of St. Hilaire and Delosh, as well as their criminal histories, were fully developed at trial and highlighted to the jury (*see People v Miles*, 61 AD3d 1118, 1119 [2009], *lv denied* 12 NY3d 918 [2009]; *People v Borthwick*, 51 AD3d 1211, 1214 [2008], *lv denied* 11 NY3d 734 [2008]), and their testimony was not contradicted by any compelling evidence offered by defendant such that it could be deemed unworthy of belief as a matter of law (*see People v Wright*, 22 AD3d 873, 875-876 [2005], *lv denied* 6 NY3d 761 [2005]; *People v Newell*, 290 AD2d 652, 654 [2002], *lv denied* 98 NY2d 712 [2002]). Thus, while a different verdict certainly would not have been unreasonable, upon viewing the evidence in a neutral light and deferring to the jury's superior ability to assess the credibility of the various witnesses (*see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Gayle*, 53 AD3d 857, 859 [2008], *lv denied* 11 NY3d 832 [2008]), we conclude that the verdict was in accord with the weight of the evidence.

Defendant next asserts that numerous errors by his trial attorney, when considered cumulatively, deprived him of the effective assistance of counsel. To the extent that defendant's argument is premised on counsel's alleged deficiencies in the preparation and investigation of his case and his failure to conduct an adequate investigation to locate a particular witness to testify, these matters are outside the present record and are more properly the subject of a CPL article 440 motion (*see People v Varmette*, 70 AD3d 1167, 1172 [2010], *lv denied* 14

NY3d 845 [2010]; *People v Taylor*, 129 AD2d 943, 944 [1987], *lv denied* 70 NY2d 657 [1987]). Counsel cannot be faulted for failing to request an accomplice corroboration charge since, as noted earlier, the record contains no evidence by which the jury could have concluded that either Delosh or St. Hilaire was an accomplice (*see People v Caban*, 5 NY3d 143, 152 [2005]; *see generally People v Stultz*, 2 NY3d 277, 287 [2004]). Nor do we find that counsel's failure to place Delosh's recantation letter before the jury constituted prejudicial error, inasmuch as the substance of the statement was not in dispute and was testified to by both Delosh and defendant's girlfriend (*see People v Prue*, 26 AD3d 671, 672 [2006], *lv denied* 7 NY3d 816 [2006]; *People v Nickel*, 14 AD3d 869, 872 [2005], *lv denied* 4 NY3d 834 [2005]). Despite defendant's assertions to the contrary, discovery motion practice is not always necessary where, as here, the District Attorney employs an open file discovery policy (*see People v Clark*, 115 AD2d 860, 861 [1985], *lv denied* 67 NY2d 941 [1986]), and counsel cannot be deemed ineffective for failing to request a bill of particulars inasmuch as the single-count indictment adequately apprised defendant of the charge against him in order to prepare for trial (*see People v Elliot*, 299 AD2d 731, 732 [2002]; *compare People v Fleegle*, 295 AD2d 760, 762-763 [2002]). While we agree that counsel should have objected to certain testimony by St. Hilaire which revealed prior bad acts by defendant, County Court's limiting instructions to the jury regarding the proper use of such testimony served to ameliorate any prejudice to defendant (*compare People v Chapman*, 54 AD3d 507, 511 [2008]; *People v Langlois*, 265 AD2d 683, 684 [1999]).

Although counsel's representation of defendant was not error free, our review of the record reveals that he pursued a reasonable, albeit unsuccessful, defense theory that Delosh and/or St. Hilaire were either the true perpetrators of the burglary or devised their story in order to receive leniency with respect to charges pending against them, and aptly challenged their credibility on cross-examination by highlighting their motives and pointing out inconsistencies and contradictions in their testimony. In addition, counsel presented numerous defense witnesses, made cogent opening and closing statements and raised appropriate evidentiary objections. Viewing the record as a whole, we find that defendant received meaningful representation (*see People v Benevento*, 91 NY3d 708, 712 [1998]; *People v Jackson*, 48 AD3d 891, 894 [2008], *lv denied* 10 NY3d 841 [2008]).

Finally, we find no error in County Court's denial of defendant's motion to set aside the verdict based upon newly discovered

evidence (*see* CPL 330.30 [3]). In support of the motion, defendant presented the affidavits of four inmates, each of whom alleged that St. Hilaire had made statements indicating that the charges against defendant were fabricated and/or that he intended to lie on the witness stand. The information disclosed by one inmate was known by defense counsel to exist before the trial and, therefore, cannot be considered "newly discovered" (*see People v Palmer*, 247 AD2d 758, 759 [1998], *lv denied* 92 NY2d 903 [1998]). As to the three other affidavits, defendant provided no explanation as to why this information could not have been discovered prior to trial with due diligence (*see People v Hampton*, 64 AD3d 872, 876 [2009], *lv denied* 13 NY3d 796 [2009]; *People v Whitmore*, 12 AD3d 845, 848 [2004], *lv denied* 4 NY3d 769 [2005]). Moreover, those affidavits merely impeach or contradict the trial testimony of St. Hilaire and Delosh (*see People v Crawson*, 56 AD3d 1051, 1053 [2008], *lv denied* 12 NY3d 757 [2009]; *People v Bowers*, 4 AD3d 558, 560 [2004], *lv denied* 2 NY3d 796 [2004]). In the context of the record before us, we cannot say that County Court abused its discretion in denying defendant's motion (*see People v Hayes*, 295 AD2d 751, 752 [2002], *lv denied* 98 NY2d 730 [2002]).

Defendant's remaining contentions, to the extent not specifically addressed herein, are unpreserved for our review.

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.