People v Kerrick (2022 NY Slip Op 03941)

People v Kerrick

2022 NY Slip Op 03941

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

111256
[*1]The People of the State of New York, Respondent,
v
Mickey Q. Kerrick, Appellant.

Calendar Date:April 19, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and McShan, JJ.

Catherine A. Barber, Guilderland, for appellant.
Jonathan J. Miller, Acting District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Franklin County (Champagne, J.), rendered March 4, 2019, upon a verdict convicting defendant of the crimes of burglary in the first degree, burglary in the second degree, robbery in the second degree (two counts), grand larceny in the fourth degree and assault in the second degree.
In 2017, defendant, along with another individual, entered the victim's home, bound and punched him and then stole his money. Defendant was charged by indictment with burglary in the first degree, burglary in the second degree, two counts of robbery in the second degree, grand larceny in the fourth degree and assault in the second degree. Following a jury trial, defendant was convicted as charged. County Court thereafter sentenced defendant, as a second violent felony offender, to a prison term of 20 years followed by five years of postrelease supervision for the conviction of burglary in the first degree and lesser concurrent prison terms for the remaining convictions. Defendant appeals.
Defendant contends that the jury's verdict is not supported by legally sufficient evidence. This contention, however, is unpreserved because, after presenting proof, defendant failed to renew his trial motion to dismiss (see People v Abreu, 195 AD3d 1152, 1153 [2021], lvs denied 37 NY3d 1144 [2021]). Notwithstanding the foregoing, defendant also contends that the verdict is against the weight of the evidence. Where, as here a contrary result would not have been unreasonable, we "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Davis, 200 AD3d 1200, 1201 [2021] [internal quotation marks and citations omitted]; see People v Patterson, 199 AD3d 1072, 1074 [2021], lv denied 37 NY3d 1163 [2022]).
In challenging the convictions for burglary in the first degree, robbery in the second degree (count 4 in the indictment) and assault in the second degree, defendant assails the proof relative to the element of physical injury. Physical injury is defined as an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The trial testimony establishes that, after the victim answered the door, defendant and another intruder "came at him with such force" and, consequently, he "ended up on the floor very rapidly." Defendant and this intruder later punched the victim in his stomach and side and "hockey checked him" when the victim tried to escape. The victim testified that the day after the incident, he presented to a hospital emergency department. He stated that he had a swollen eye, a red mark on his chest, difficulty breathing and that he experienced pain in his upper body and arms, which lasted approximately one week. Viewing this evidence, as well as the photographs of the victim's injuries, in a neutral light, defendant's argument that [*2]there is scant evidence of a physical injury is without merit (see People v Rudge, 185 AD3d 1214, 1216-1217 [2020], lv denied 35 NY3d 1070 [2020]; People v Oshintayo, 163 AD3d 1353, 1357 [2018], lv denied 32 NY3d 1006 [2018]; People v Dove, 86 AD3d 715, 717 [2011], lv denied 17 NY3d 903 [2011]; People v Porter, 305 AD2d 933, 934 [2003], lv denied 100 NY2d 586 [2003]).
Defendant further argues that the People failed to corroborate any accomplice testimony. "[C]orroborative evidence need only tend to connect the defendant to the crime; it need not establish all the elements of the offense" (People v Heimroth, 181 AD3d 967, 968 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1027 [2020]; see People v Smith, 138 AD3d 1248, 1248 [2016], lv denied 27 NY3d 1139 [2016]). An incarcerated individual testified on behalf of the People that, while defendant was incarcerated with him, defendant told him and provided him with details about the crimes at issue. As such, the minimal corroboration requirement was met (see People v Miles, 119 AD3d 1077, 1079 [2014], lvs denied 24 NY3d 1003 [2014]; People v Burchard, 20 AD3d 818, 820 [2005], lv denied 5 NY3d 851 [2005]). To the extent that defendant argues that the People's witnesses were unworthy of belief, they were thoroughly cross-examined and deference is given to the jury's credibility determinations (see People v Lawrence, 141 AD3d 828, 832-833 [2016], lvs denied 28 NY3d 1071, 1073 [2016]; People v Malak, 117 AD3d 1170, 1174 [2014], lv denied 24 NY3d 1086 [2014]; People v Self, 75 AD3d 924, 926 [2010], lv denied 15 NY3d 895 [2010]).
Defendant asserts that County Court erred by failing to give the charge regarding accomplices as a matter of law or the charge pertaining to corroboration of accomplice testimony. Defendant, however, neither requested these charges nor objected to the court's overall instructions as given. His argument is therefore unpreserved (see People v Miles, 119 AD3d at 1079; People v Moyer, 75 AD3d 1004, 1005 [2010]). Even if defendant had preserved this argument and was correct, any error was harmless (see People v Wesley, 19 AD3d 937, 938 [2005], lv denied 5 NY3d 857 [2005]; People v Hodges, 244 AD2d 794, 795 [1997], lv denied 91 NY2d 973 [1998]).
Defendant additionally argues that the failure to request a charge that accomplice testimony be corroborated constituted ineffective assistance of counsel. He failed, however, to show that such decision stemmed from the absence of a strategic reason or some other legitimate explanation (see People v Thorpe, 141 AD3d 927, 934-935 [2016], lv denied 28 NY3d 1031 [2016]; People v Thomas, 33 AD3d 1053 [2006], lv denied 8 NY3d 885 [2007]). Defendant's remaining grievance with counsel does not amount to ineffective assistance, especially when viewing counsel's representation as a whole (see People v Gangar, 79 AD3d 1262, 1264 [2010], lv denied 16 NY3d 831 [2011]).
Finally, defendant contends that the concurrent [*3]sentences — the greatest of which was a prison term of 20 years, followed by five years of postrelease supervision for the conviction of burglary in the first degree — were harsh and excessive. The record reflects that the intruder's involvement in the crimes at issue was substantial, if not equal, to that of defendant's involvement. The intruder, however, did cooperate with the People and ultimately received a prison term that carried a maximum of five years. Another cooperating perpetrator who had less involvement than the intruder and defendant received a term of probation and six months in jail. Although defendant was being sentenced as a second violent felony offender and was subject to a greater sentence than the other individuals involved in the crimes at issue, under the particular circumstances of this case and considering the significant disparity in the sentences imposed, we deem it appropriate to take corrective action in the interest of justice and modify the sentence imposed upon the conviction for burglary in the first degree (see CPL 470.15 [6] [b]; People v Collazo, 45 AD3d 899, 901-902 [2007], lv denied 9 NY3d 1032 [2008]). That said, the term of imprisonment for this conviction should be reduced to 12 years followed by five years of postrelease supervision (see e.g. People v Mayerhofer, 283 AD2d 672, 675 [2001]).
Lynch, J.P., Colangelo and McShan, JJ., concur.
Clark, J. (concurring in part and dissenting in part).
I disagree with the determination that the sentence imposed upon the conviction for burglary in the first degree should be reduced in the interest of justice and, therefore, respectfully dissent from that aspect of the majority's decision.
Defendant and his codefendants planned and perpetrated violent crimes against the victim, an elderly farmer who testified at trial and also detailed — to the probation officer who prepared the presentence investigation report — the trauma that he endured and the lasting effects that defendant's crimes have had on him. In rendering sentence, County Court considered the violent nature of defendant's crimes and the psychological and physical harm done to the victim and the community. Although he was only 30 years old at the time of sentencing, defendant had acquired a lengthy criminal history, which included multiple similar violent felonies for which orders of protection were issued in favor of his prior victims. In light of his criminal history, defendant was properly sentenced as a second violent felony offender (see Penal Law § 70.04 [1] [a]). Significantly, at the time that he committed the instant offenses, defendant was on parole for prior convictions of burglary in the second degree and criminal possession of a weapon in the third degree. In my view, in rendering its sentence, County Court properly considered relevant sentencing factors, including defendant's lengthy criminal history and the impact of defendant's actions on the victim (see People v Oliveras, 203 [*4]AD3d 1233, 1239-1240 [2022]; People v Marlett, 191 AD3d 1183, 1188 [2021], lv denied 37 NY3d 966 [2021]). Although there is a disparity between defendant's sentence and the sentences imposed upon his codefendants, the fact that the codefendants received lesser sentences does not render defendant's sentence harsh or excessive under the circumstances of this case (see People v Williams, 156 AD3d 1224, 1231 [2017], lv denied 31 NY3d 1018 [2018]; cf. People v Danny G., 61 NY2d 169, 174 [1984]). Given all of the foregoing, I discern no basis upon which to disturb defendant's sentence and I would therefore affirm the judgment of conviction.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed for burglary in the first degree under count 1 of the indictment to 12 years in prison, with five years of postrelease supervision, and, as so modified, affirmed.