■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD VANDEBOGART, Appellant. [717 NYS2d 675] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered February 6, 1998, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

On December 5, 1997 defendant appeared with counsel in County Court prepared to waive his right to be prosecuted by an indictment (*see*, CPL art 195), to waive his right to appeal and to plead guilty to attempted robbery in the second degree as set forth in a superior court information (hereinafter SCI), all pursuant to a plea bargain whereby he would be sentenced to a maximum prison term of 3 to 6 years. After County Court explained the significance of a waiver of indictment and proceeding by SCI, defendant acknowledged that he understood. However, when defense counsel indicated that he had not had an opportunity to review the waiver of indictment document, the proceedings were adjourned for a week.

On December 12, 1997 defendant again appeared in County Court with counsel who explained to the court that defendant was prepared to plead guilty. The conditions of the plea were acceptable to the prosecution and the court. During his plea colloquy, defendant stated that his plea was voluntary, that he understood he was waiving all rights associated with going

forward with a trial and his right to appeal, that he understood he was pleading guilty to attempted robbery in the second degree and that he was "guilty" of said crime. Defendant also gave—under oath—a detailed description of how he had choked the victim and forced him to give him money and confirmed that he was pleading guilty because he was guilty. After accepting defendant's guilty plea, County Court requested that defendant review the written waiver of his right to appeal with counsel as he had not done so prior to this plea. The waiver of appeal document was then executed in open court.

Thereafter, County Court—for the second time in seven days—informed defendant of the significance of a waiver of indictment and proceeding by SCI. Defendant indicated that he understood and that he was waiving these rights of his own free will. Defendant signed the waiver of indictment in open court, the prosecution consented to its filing, and County Court approved the document and directed that it be filed.

County Court then again reviewed the terms of the plea bargain with defendant and the specific allegations in the SCI. The court again explained the significance of his plea of guilty, his waiver of appeal and his waiver of indictment. Defendant acknowledged on the record that he understood the significance of the documents and the rights he was waiving, and then reaffirmed his plea of guilty. At that point, County Court accepted defendant's plea of guilty for the second time. Defendant was sentenced to a prison term of 3 to 6 years and he now appeals.

We affirm. Initially, defendant's contention that County Court lacked jurisdiction because no SCI was filed is not supported in the record. It appears that the SCI was before the court at defendant's December 5, 1997 appearance. Moreover, on December 12, 1997 County Court read directly from the SCI during the plea colloquy and defense counsel specifically referred to the SCI by its number.* Accordingly, the record supports the conclusion that the SCI was before the court at the time defendant entered his plea of guilty. Likewise, while an SCI is the equivalent of an indictment (see, CPL 195.20 [d]; 200.10, 200.15; *People v Schultz*, 258 AD2d 879, *lv denied* 93 NY2d 929) and, as such, must be furnished to defendant (see, CPL 210.15 [1]), any claim that defendant or his attorney were not furnished a copy of the SCI is unavailing. Where, as here, defendant pleaded guilty to a charge in a document which allegedly was not furnished to him and never asserted his right

---

* Notably, defense counsel incorrectly referred to the SCI as "Number 97-64" when the correct number is actually 97-164.

to a copy prior to entry of his plea, he is deemed to have waived that right (see, People v Moylan, 4 Misc 2d 747).

We next reject defendant's assertion that because County Court entered into its plea colloquy and accepted defendant's guilty plea and waiver of the right to appeal prior to defendant's waiving indictment, County Court lacked jurisdiction at the time that the plea was entered. Although defendant initially entered his guilty plea to the charge set forth in the SCI before the waiver of indictment was executed, at that point he had already been fully apprised of his rights in connection with the waiver. Following defendant's execution of the waiver, County Court reviewed defendant's guilty plea and defendant reaffirmed his awareness of his rights as well as the significance of his plea of guilty to attempted robbery in the second degree and his waiver of the right to appeal. Whether a trial court properly accepts a guilty plea depends on the circumstances of each case and "[t]here is no uniform mandatory catechism required of pleading defendants" (People v Allen, 79 AD2d 1004). Accordingly, we find no defect in County Court's jurisdiction and the record before us fully supports the conclusion that defendant entered a voluntary, knowing and intelligent guilty plea and waiver of appeal (see, People v Johnson, 243 AD2d 997, lv denied 91 NY2d 927).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.