■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY LEWIS, Also Known as GARRETT LEWIS, Appellant. [788 NYS2d 181]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 4, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

On February 22, 2002, police officers executed a search warrant at an apartment on Moyston Street in the City of Schenectady, Schenectady County, seizing a quantity of what appeared to be crack cocaine and marihuana packaged for street sale. Defendant, present at the apartment, was charged in a two-count indictment with the crimes of criminal possession of a controlled substance in the third and fourth degrees. Following plea negotiations, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree in full satisfaction of the indictment and waived his right to appeal. Prior to sentencing, defendant moved to withdraw his guilty plea. County Court denied the motion and sentenced defendant in accordance with the plea agreement to 3 to 9 years in prison. Defendant now appeals, arguing that County Court erroneously denied his motion to withdraw his plea because he was unaware

that a certified laboratory analysis report of the substances recovered at the apartment was not available at the time that he entered his plea.

As a general rule, a guilty plea may not be withdrawn absent evidence or claim of innocence, fraud or mistake in its inducement (*see People v Zakrzewski*, 7 AD3d 881, 881 [2004]; *People v Lerario*, 1 AD3d 635, 636 [2003], *lv denied* 2 NY3d 742 [2004]). Here, defendant's claim that he did not know that a certified laboratory report was not completed is belied by the record, which discloses that the People, pursuant to a discovery agreement, provided defendant with all written reports related to the criminal transaction with which defendant was charged. Thus, he was aware of the reports available to the People prior to his plea. Moreover, at the plea allocution, County Court made a thorough inquiry as to the circumstances of defendant's plea, and confirmed his understanding of the charges and the rights that he would be relinquishing. The colloquy between the court and defendant also demonstrated that his guilty plea was freely and knowingly given without coercion (*see People v Harris*, 293 AD2d 818, 818-819 [2002], *lv denied* 98 NY2d 676 [2002]). Accordingly, we find that County Court did not abuse its discretion by denying defendant's motion to withdraw his guilty plea.

We are also unpersuaded by defendant's claim that he received the ineffective assistance of counsel. " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Wright*, 295 AD2d 806, 807 [2002], quoting *People v Ford*, 86 NY2d 397, 404 [1995]). Defense counsel negotiated a favorable plea agreement, whereby defendant avoided prosecution for the most serious count of the indictment and was to be sentenced to less than the maximum term of incarceration on the conviction. Moreover, defendant stated on the record that he was not forced to enter his plea. Under these circumstances, we find nothing in the record that casts doubt upon counsel's apparent effectiveness.

Finally, inasmuch as defendant knowingly and voluntarily waived his right to appeal as part of his guilty plea, we will not review his challenge to the severity of the sentence (*see People v Gambaccini*, 2 AD3d 1065, 1067 [2003], *lv denied* 2 NY3d 739 [2004]; *People v Teague*, 295 AD2d 813, 815 [2002], *lv denied* 98 NY2d 772 [2002]).

Mercure, J.P., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.