(September 29, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRUMAN L. FRIERSON, Appellant. [801 NYS2d 441]—

Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered August 16, 2002, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fifth degree.

Defendant was indicted for criminal possession of a controlled substance in the fourth degree and resisting arrest after a traffic stop revealed a quantity of cocaine in his vehicle. Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted criminal possession of a controlled substance in the fifth degree and waived his right to appeal. After County Court repeatedly adjourned further proceedings to allow defendant to seek new counsel and prepare a motion to withdraw his plea, it denied said motion and sentenced defendant as a second felony offender to a prison term of 1½ to 3 years in accordance with the negotiated plea agreement. Defendant appeals.

Defendant's principal contention on appeal is that his counsel was ineffective because, by failing to prepare for trial, he left defendant with no choice but to enter an involuntary guilty plea. Our review of the plea minutes, in which defendant unequivocally recited the facts of his crime and assured County Court that he had spoken to his counsel, was satisfied with his services and was entering the plea of his own free will and with a full understanding of its consequences, belies this contention. Moreover, the record reveals that defendant's attorneys were active in defendant's case and procured for him an advantageous plea agreement which reduced his sentencing exposure. Accordingly, we perceive no basis for concluding that defendant did not receive meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Bethea*, 19 AD3d 813, 814 [2005]; *People v Lewis*, 13 AD3d 810, 811 [2004]). Defendant's remaining arguments in his pro se submission concerning, among other things, the propriety of the traffic stop and the severity of his sentence, have been forfeited by his knowing, intelligent and voluntary guilty plea and waiver of his right to appeal and we decline to review them under the circumstances (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Clow*, 10 AD3d 803, 804 [2004]; *People v White*, 300 AD2d 830, 832 [2002], *lvs denied* 99 NY2d 586, 633 [2003]).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.