THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY R. KING, Appellant. [851 NYS2d 766]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 18, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). We reject the contention of defendant that his waiver of the right to appeal is contrary to public policy (*see People v Wilson*, 38 AD3d 1326 [2007], *lv denied* 9 NY3d 853 [2007]; *People v Aguayo*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]). The record does not support defendant's further contention that County Court implied during the plea colloquy that the waiver of the right to appeal was automatic. Indeed, the record of the plea colloquy establishes that the court explained to defendant that the waiver was a condition of the plea bargain, and we conclude that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (*see People v Lopez*, 6 NY3d 248, 256 [2006]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence and his right to invoke our discretionary power to reduce the sentence pursuant to CPL 470.15 (6) (b) (*see Lopez*, 6 NY3d at 256).

To the extent that the further contention of defendant that he was denied effective assistance of counsel survives his plea and his waiver of the right to appeal (*see People v Eastman*, 45 AD3d 1411 [2007]), we reject that contention (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). The record reflects that defendant signed a waiver of indictment and acknowledged his understanding that he was giving up his right to have the matter reviewed and considered by a grand jury. The record of the plea proceeding indicates that the court was satisfied with the sufficiency of the waiver of indictment, although we are unable to discern whether the court executed an order to that ef-

fect pursuant to CPL 195.30. Even assuming, arguendo, that the court did not execute such an order, however, we conclude on the record before us that such failure "was a ministerial error with no resultant prejudice to defendant" (*People v Waid*, 26 AD3d 734, 735 [2006], *lv denied* 6 NY3d 839 [2006]). Because the court had a valid superior court information before it when it accepted defendant's plea, we reject defendant's contention that the court lacked jurisdiction over the matter (*see People v Vandebogart*, 277 AD2d 712, 713 [2000]).

Finally, contrary to defendant's contention, attempted robbery in the first degree is a lesser included offense of robbery in the first degree (*see* CPL 1.20 [37]), and thus the court properly accepted defendant's plea to the lesser offense. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.