■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK PAGAN, Appellant. [962 NYS2d 372]—

Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 5, 2010, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts) and criminal possession of a weapon in the second degree.

On April 26, 2009, a taxicab driver was assaulted and robbed by a group of individuals outside an apartment complex in the hamlet of Livingston Manor, Sullivan County. Defendant and codefendants Donald Blume[1] and Lynn Thomas were charged by indictment with two counts of robbery in the second degree and one count of criminal possession of a weapon in the second degree. Thomas was permitted to plead guilty to attempted robbery in the second degree with a two-year term of incarceration in exchange for her testimony on behalf of the People at the joint trial of defendant and Blume—with two juries. Defendant was thereafter convicted as charged and was later sentenced to concurrent prison terms of 15 years and five years of postrelease supervision on both robbery counts and a consecutive prison term of 15 years and five years of postrelease supervision on the possession count. Defendant appeals.

---

1. We have previously had occasion to consider the conduct underlying defendant's convictions in the context of Blume's appeal from his convictions stemming from the same incident (*see People v Blume,* 92 AD3d 1025 [2012], *lv denied* 19 NY3d 957 [2012]).

We now affirm. Defendant asserts that County Court violated CPL 710.60 by failing to set forth on the record its findings of fact and conclusions of law following various suppression hearings (*see* CPL 710.60 [6]; *People v Mabeus*, 47 AD3d 1073, 1074 [2008]). The court conducted *Wade, Huntley* and *Mapp* hearings prior to trial and, contrary to defendant's contentions, ultimately made sufficient findings in each proceeding regarding the credibility of the witnesses and the facts relevant to each issue, setting forth appropriate reasoning and legal conclusions regarding the admissibility of the evidence. Defendant relies on the fact that the court, after concluding that the police procedure was fair and that the identification evidence was admissible in the *Wade* hearing, nevertheless invited the parties to submit legal argument on the admissibility of the evidence, suggesting that it was open to reconsidering its determinations. However, nothing in the record suggests that the court's findings and conclusions were subsequently changed or undermined. Under these circumstances, we discern no statutory violation nor any reason to upset the court's suppression rulings.

Defendant also argues that the People committed a *Brady* violation when they secured certain video surveillance tapes from a gas station at which defendant and his companions stopped following the robbery, while allowing the gas station owner, in the course of his regular practice, to tape over other footage taken that evening. A spoliation hearing was held during the trial, at which testimony established that only certain footage was secured by police because the other cameras did not capture any identifiable license plates, occupants or other identifying features of the vehicles moving through the station. County Court declined to impose a sanction or to give an adverse inference charge to the jury; however, it permitted defense counsel to comment on the absence of the video during her summation. As the videos at issue were not in the possession of the People and their exculpatory value was speculative, at best, we find no *Brady* violation (*see People v Scott*, 309 AD2d 573, 574 [2003], *lv denied* 2 NY3d 806 [2004]; *see also People v Bianca*, 91 AD3d 1127, 1130 [2012], *lv denied* 19 NY3d 862 [2012]; *People v Smith*, 89 AD3d 1148, 1150 [2011], *lv denied* 19 NY3d 968 [2012]).

Next, we reject defendant's argument that the verdict was against the weight of the evidence. The People were required to prove that defendant, (1) acting in concert with Blume and Thomas, forcibly stole property while aided by another person actually present (*see* Penal Law § 160.10 [1]), (2) that, "[i]n the course of the commission of the crime or of immediate flight

therefrom, he or another participant . . . [c]ause[d] physical injury to any person who [was] not a participant in the crime" (Penal Law § 160.10 [2] [a]), and (3) that the assailants possessed a loaded and operable firearm (*see* Penal Law § 265.03 [3]; *People v Longshore*, 86 NY2d 851, 852 [1995]). According to the trial testimony, Thomas arranged to have the victim cab driver pick her up, at which point she, together with defendant, Blume, Ryan Ward, Toni DiLauro and Angelo Rivera, planned to rob him to procure money to buy drugs. When the victim arrived, Thomas and defendant entered the backseat of the cab. Moments later, Blume and Ward approached and began to attack the victim from the driver's side door and the passenger side door, respectively, while defendant joined in from the back seat. The victim pulled out a loaded firearm and tried to shoot Blume, but Blume wrestled the gun away from him, dragged him out of the vehicle, and Blume, defendant and Ward continued to hit the victim. Then, they went through his pockets and left in Rivera's car with the victim's wallet, cash and firearm. Following the attack, the victim was treated at a hospital, where he received several staples for a laceration in the back of his head and treatment for swelling and soft tissue damage to his chest.

Because a different verdict would not have been unreasonable, we have weighed the "relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" and determined that the verdict was not against the weight of the credible evidence (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; *see People v Kruppenbacher*, 81 AD3d 1169, 1174 [2011], *lv denied* 17 NY3d 797 [2011]). Defendant's assertion that the People's case relied on accomplice testimony that was insufficiently corroborated by independent evidence is belied by the record (*see* CPL 60.22 [1]; *People v Steinberg*, 79 NY2d 673, 683 [1992]; *People v Lumnah*, 81 AD3d 1175, 1176 [2011], *lv denied* 16 NY3d 897 [2011]). Although the People's proof included testimony by Thomas, DiLauro and Rivera,[2] that testimony was fully corroborated by the victim's testimony, who described being set up by Thomas and the resultant attack and robbery by three men, including defendant. The victim also testified that the gun taken from him was his Smith and Wesson .357 Magnum revolver, which was loaded and oper-

---

2. County Court instructed the jury that Thomas, as a codefendant, was an accomplice as a matter of law (*see* CPL 60.22 [2]; *People v Caban*, 5 NY3d 143, 153 [2005]), while the accomplice status of DiLauro and Rivera was a question of fact for the jury to resolve.

able, as he had fired it a few weeks prior to the incident. Indeed, the victim's testimony alone was sufficient to corroborate the accomplice testimony offered at trial. However, additional corroborative evidence was introduced. Specifically, the gas station video footage depicting Blume corroborated Thomas's and DiLauro's testimony that the group stopped for gas following the attack. A police officer also testified that, shortly after the robbery, Ward was the subject of a traffic stop while driving Rivera's car and a .38 caliber bullet was found on the floor of the vehicle, corroborating DiLauro's testimony that, following the robbery and while inside the car, Blume bent down between his legs and removed the bullets from the victim's gun. In addition, the victim's cellular telephone records showed that he received calls from Thomas on the night of the robbery. Finally, a recorded, controlled telephone conversation between DiLauro and defendant, which took place the day after the robbery, was introduced and revealed DiLauro and defendant discussing how to get in touch with Blume because DiLauro had a prospective buyer for the gun. Taken as a whole, more than sufficient evidence was introduced to corroborate the accomplice testimony adduced at trial (*see People v Bretti*, 68 NY2d 929, 930 [1986]; *People v Pagan*, 97 AD3d 963, 965 [2012], *lv denied* 20 NY3d 934 [2012]; *People v Oathout*, 90 AD3d 1418, 1420-1421 [2011], *lv denied* 19 NY3d 866 [2012]).

Defendant's remaining contentions do not require extended discussion. He did not object to the introduction of the photograph of Blume's hands showing injuries allegedly sustained during the robbery (*see People v Wright*, 38 AD3d 1004, 1006 [2007], *lv denied* 9 NY3d 853 [2007]). While the People deny any intentional noncompliance with County Court's discovery directives, defendant in any event failed to demonstrate any prejudice resulting from the claimed noncompliance and, as a result, we discern no abuse of discretion by the court in failing to impose sanctions and/or preclude related evidence (*see* CPL 240.70 [1]; *People v Sullivan*, 261 AD2d 652, 653 [1999]). Although we agree that, in closing, the prosecutor bordered on making an improper "safe streets" argument by suggesting that the community needs to be protected from violent crime such as that perpetrated by defendant (*see People v Brown*, 17 NY3d 742, 743 [2011]), we find that County Court's appropriate response to defense counsel's objections ameliorated any prejudice to defendant (*see People v White*, 173 AD2d 897, 898 [1991], *lv denied* 78 NY2d 976 [1991]). Defendant's assertion that he was deprived of a fair trial due to excessive participation by County Court is not preserved for appellate review and, in any event, a review of the record reveals no bias,

but rather the court's permissible efforts to facilitate the progress of the trial (*see People v Lupo*, 92 AD3d 1136, 1138 [2012]). We also reject defendant's assertion that he was entitled to concurrent sentences (*see* Penal Law § 70.25 [2]). Inasmuch as the robbery was complete when defendant left the parking lot of the apartment complex, the possession of the firearm was a separate and distinct act occurring thereafter and, thus, can support a consecutive sentence (*see People v Salcedo*, 92 NY2d 1019, 1022 [1998]; *People v Brennan*, 62 AD3d 1167, 1169 [2009], *lv denied* 13 NY3d 794 [2009]).

We have considered defendant's remaining contentions, including those raised in his pro se brief, and find them to be unpersuasive.

Mercure, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.