*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016       107237
                                                  106939

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

     v                              MEMORANDUM AND ORDER

MARTIN CORA,
                    Appellant.

_____

Calendar Date:  November 16, 2015

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Clark, JJ.

_____

     Proyect & Hart, Parksville (Joel M. Proyect of counsel),
for appellant.

     James R. Farrell, District Attorney, Monticello (Meagan K.
Galligan of counsel), for respondent.

_____

Clark, J.

     Appeals (1) from a judgment of the County Court of Sullivan
County (McGuire, J.), rendered May 21, 2014, convicting defendant
upon his plea of guilty of the crime of criminal possession of
marihuana in the second degree and the traffic infraction of
operating a motor vehicle without being restrained by a safety
belt, and (2) by permission, from an order of said court, entered
July 22, 2014, which denied defendant's motion pursuant to
CPL 440.10 to vacate the judgment of conviction, without a
hearing.

     Defendant was charged with various crimes and traffic
infractions after the car he was driving was stopped by the State

Police and four pounds of marihuana were discovered. Following the denial of his application requesting judicial diversion to a substance abuse treatment program pursuant to CPL 216.05, defendant pleaded guilty to criminal possession of marihuana in the second degree and operating a motor vehicle without being restrained by a safety belt. He was thereafter sentenced to five years of probation, the first six months to be served in jail. Defendant's subsequent motion to vacate the judgment pursuant to CPL 440.10 on the ground that County Court did not have the authority to adjudicate his judicial diversion application was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion. The portion of the sentence that imposed six months in jail was stayed pending these appeals.

With regard to both his direct appeal and appeal from his CPL article 440 motion, defendant argues that County Court did not have jurisdiction to adjudicate his application for judicial diversion because it was not the court designated by the Third Judicial District as a drug treatment court in Sullivan County. We disagree. Regarding assignment of such matters, the Chief Administrator of the Courts shall "ensure that cases eligible for judicial diversion pursuant to [CPL article 216] shall be assigned to court parts in the manner provided by the [C]hief [A]dministrator and that, to the extent practicable, such cases are presided over by judges who, by virtue of the structure, caseload and resources of the parts and the judges' training, are in the best position to provide effective supervision over such cases, such as the drug treatment courts" (Judiciary Law § 212 [2] [r]; see 22 NYCRR 143.2).

Here, defendant's case was initially assigned to Judge LaBuda, who is the sole judge designated by the Chief Administrator to preside over the drug treatment court in Sullivan County. Prior to defendant's request for judicial diversion, however, Judge LaBuda recused himself and the case was reassigned to Judge McGuire, who, as sitting County Judge, has jurisdiction of felony cases (see CPL 10.10 [2] [b]; 10.20 [1] [a]). Under these circumstances, and in light of the statutory language that judicial diversion applications are to be assigned

to drug courts "to the extent practicable" (Judiciary Law § 212 [2] [r]), we find no error in the assignment of defendant's case, including his application for judicial diversion, to another superior court after the recusal of the judge designated to preside over the drug treatment court in that county.

Turning to the merits, however, we agree with defendant that County Court erred in denying defendant's judicial diversion application. Upon the completion of a hearing on the issue of whether a defendant should be offered judicial diversion, the court "shall consider and make findings of fact with respect to whether: (i) the defendant is an eligible defendant as defined in [CPL 216.00 (1)]; (ii) the defendant has a history of alcohol or substance abuse or dependence; (iii) such alcohol or substance abuse or dependence is a contributing factor to the defendant's criminal behavior; (iv) the defendant's participation in judicial diversion could effectively address such abuse or dependence; and (v) institutional confinement of the defendant is or may not be necessary for the protection of the public" (CPL 216.05 [3] [b] [emphasis added]).

It is undisputed that defendant is an eligible defendant as defined in CPL 216.00 (1) and that his incarceration was not necessary to protect the public. Contrary to the determination of County Court, however, we also find that the uncontroverted evidence in the record amply supports the conclusions that defendant has a history of substance abuse and that such substance abuse and dependence were contributing factors to his criminal behavior. Specifically, among other things, defendant described that his progressively escalating marihuana use, which began socially at age 14, advanced to daily use over the ensuing years and culminated in defendant becoming a mule, transporting larger quantities of marihuana across state lines for other individuals in order to receive compensation in the form of marihuana. Defendant attested to resorting to this conduct when supporting his habit became too expensive, despite his gainful employment. We also note the expert testimony of a substance abuse counselor who opined that, based upon his history, defendant was an addict who was cannabis dependent.

Inasmuch as "[t]he statute does not require that a defendant's . . . substance abuse or dependence be the exclusive or primary cause of the defendant's criminal behavior" (People v DeYoung, 95 AD3d 71, 79 [2012]), but instead only requires it be a contributing factor, we find no basis for County Court's determination that the instant arrest – i.e., defendant's only involvement with the criminal justice system – was not contributed to by defendant's marihuana use. We also cannot agree with the court's classification of defendant as a mere recreational drug user who would not benefit from a treatment program. Thus, we find that County Court abused its discretion and reverse (see People v DeYoung, 95 AD3d at 79-80; compare People v Aitken 101 AD3d 1383 [2012], lv denied 21 NY3d 1040 [2013]).

McCarthy, J.P., Egan Jr., Rose and Lynch, JJ., concur.

ORDERED that the judgment is reversed, on the law, defendant's application to participate in judicial diversion pursuant to CPL article 216 granted, and matter remitted to the County Court of Sullivan County for further proceedings in accordance with CPL article 216.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court