*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                    106289
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

ANTWOINE FORT,
                    Appellant.
_____


Calendar Date:   November 16, 2016

Before:   Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

                    _____


        Perfetti Law Office, Cortland (Patrick A. Perfetti of
counsel), for appellant.

        Stephen K. Cornwell Jr., District Attorney, Binghamton
(Stephen Ferri of counsel), for respondent.

                    _____


Rose, J.

        Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered August 12, 2013, upon a verdict convicting
defendant of the crime of attempted robbery in the first degree.

        Defendant was charged by indictment with robbery in the
first degree based upon allegations that he had threatened a
taxicab driver (hereinafter the victim) with a weapon, demanded
money and, when the victim fled from the taxicab, stole personal
property that the victim had left behind.  The victim later
identified defendant from a photo array and in a lineup.
Following a jury trial, defendant was acquitted of robbery in the
first degree, but convicted of the lesser included offense of
attempted robbery in the first degree.  His subsequent motion to

set aside the verdict was denied (see CPL 330.30 [1], [3]), and he now appeals.

There is no merit to defendant's contention that County Court abused its discretion by denying his pre-lineup request to employ a sequential double-blind lineup procedure (see People v Washington, 40 AD3d 1136, 1136 [2007], lv denied 9 NY3d 883 [2007]; People v McLaughlin, 8 AD3d 146, 147 [2004], lvs denied 3 NY3d 678, 741 [2004]; People v Robinson, 8 AD3d 95, 96 [2004], lv denied 3 NY3d 742 [2004]). Notably, he does not argue that the lineup procedure used was unduly suggestive (see generally People v Delamota, 18 NY3d 107, 117-118 [2011]).

We also reject defendant's contention that the People failed to lay a proper evidentiary foundation for the admission of exhibits that were created from surveillance footage in front of the bar where defendant first entered the victim's taxicab. A detective, an investigator and two employees from the bar testified in detail about the surveillance system, the utilization of the system to create a flash drive and video disc, and the printing of a series of still photographs from the video. Accordingly, the exhibits were properly admitted into evidence (see People v Cabrera, 137 AD3d 707, 707-708 [2016], lv denied 27 NY3d 1129 [2016]; People v Junior, 119 AD3d 1228, 1231 [2014], lv denied 24 NY3d 1044 [2014]; see also People v Patterson, 93 NY2d 80, 84 [1999]).

Nor can we agree with the argument that County Court erred in submitting the charge of attempted robbery in the first degree to the jury as a lesser included offense and that, instead, the court should have submitted petit larceny. Inasmuch as both crimes are lesser included offenses of robbery in the first degree (see People v King, 48 AD3d 1177, 1178 [2008]; People v Gilliam, 300 AD2d 701, 702 [2002], lv denied 99 NY2d 628 [2003]), we must consider whether "'there is a reasonable view of the evidence which would support a finding that . . . defendant committed such lesser offense but did not commit the greater'" (People v Colville, 20 NY3d 20, 31 [2012], quoting CPL 300.50 [1]; see People v Green, 141 AD3d 1036, 1041 [2016], lv denied ___ NY3d ___ [Nov. 16, 2016]). Beginning with the attempt charge, the record confirms that there was a reasonable view of

the evidence that would suggest that defendant did not steal the victim's personal property from the taxicab and, instead, only demanded money from the victim, without success (see Penal Law §§ 110.00, 160.15 [4]; People v Felix, 56 AD3d 796, 797 [2008], lv denied 12 NY3d 816 [2009]).  Turning to petit larceny, we agree with County Court that there was no reasonable view of the evidence that would support a finding that defendant committed petit larceny, but not robbery in the first degree.  The victim's uncontroverted testimony established that defendant displayed what appeared to be a firearm and "there was no reason for the jury to selectively discredit only that portion of his testimony" (People v James, 47 AD3d 506, 507 [2008], affd 11 NY3d 886 [2008]; see People v Monroe, 30 AD3d 616, 617-618 [2006], lv denied 7 NY3d 815 [2006]; compare People v Smith, 214 AD2d 971, 972 [1995], lv denied 86 NY2d 847 [1995]).

Defendant's remaining contention that County Court erred in denying his motion to set aside the verdict based upon newly discovered evidence is presented for the first time on appeal as a purported Brady violation and is, therefore, unpreserved for our review (see People v Thompson, 54 AD3d 975, 976 [2008], lv denied 11 NY3d 858 [2008]; People v Kearney, 39 AD3d 964, 966 [2007], lv denied 9 NY3d 846 [2007]).  Were we to review it, we would find that no Brady violation occurred because the evidence at issue was immaterial (see People v Anderson, 118 AD3d 1138, 1142 [2014], lv denied 24 NY3d 1117 [2015]; see generally People v Hayes, 17 NY3d 46, 50 [2011], cert denied ___ US ___, 132 S Ct 844 [2011]).

Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court