People v Lee (2018 NY Slip Op 01216)





People v Lee


2018 NY Slip Op 01216


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

107405

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
COLLIN LEE, Appellant.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Donna Maria Lasher, Youngsville, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered December 29, 2014, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree and criminal possession of a controlled substance in the seventh degree (two counts).
In September 2013, defendant was arrested after police executed a search warrant at his residence in Sullivan County and discovered, among other things, a quantity of heroin. Defendant was thereafter indicted and charged with criminal possession of a controlled substance in the third degree (two counts), criminally using paraphernalia in the second degree and criminal possession
of a controlled substance in the seventh degree (two counts). Following an unsuccessful motion to suppress his confession to police, County Court conducted a hearing with respect to defendant's application requesting judicial diversion to a substance abuse treatment program pursuant to CPL 216.05. Following a judicial diversion hearing, County Court denied defendant's application. Defendant thereafter moved to vacate County Court's order, which motion was denied. Defendant then pleaded guilty to each count as charged in the indictment, with the understanding that he was not waiving his right to appeal. He was sentenced as a second felony offender to an aggregate prison term of eight years, to be followed by three years of postrelease supervision. Defendant now appeals.
Initially, we find without merit defendant's contention that County Court erred by failing [*2]to set forth on the record its findings of fact and conclusions of law following a Huntley hearing (see CPL 710.60 [6]; People v Mendoza, 82 NY2d 415, 421 [1993]; People v Pagan, 103 AD3d 978, 979 [2013], lv denied 21 NY3d 1018 [2013]). Contrary to defendant's assertion, after the Huntley hearing, County Court rendered a decision from the bench wherein it set forth the facts relevant to defendant's arrest and subsequent custodial interrogation. County Court expressly determined that defendant had been properly advised of his Miranda rights, knowingly, intelligently and voluntarily waived same and thereafter voluntarily provided an incriminating statement to the police, absent any threats, coercion or duress. Although County Court did not cite to any specific legal authority in support of its determination, it is evident that County Court weighed the credibility of the People's lone witness, sufficiently set forth its findings of fact and thereafter applied the proper legal standard in rendering its conclusions of law. Accordingly, we discern no reason to disturb County Court's denial of defendant's suppression motion (see CPL 710.60 [6]; People v Pagan, 103 AD3d at 979).
We do find, however, that County Court should have referred defendant's application for judicial diversion to the judge who had been designated by the Administrative Judge for the Third Judicial District as the Superior Court for drug treatment in Sullivan County. As relevant here, it is the duty of the Chief Administrator of the Courts, when assigning matters that are eligible for judicial diversion pursuant to CPL article 216, to ensure that such cases "shall be assigned to court parts in the manner provided by the [C]hief [A]dministrator and that, to the extent practicable, such cases are presided over by judges who, by virtue of the structure, caseload and resources of the parts and the judges' training, are in the best position to provide effective supervision over such cases, such as the drug treatment courts" (Judiciary Law § 212 [2] [r]; see People v Cora, 135 AD3d 987, 988 [2016]). To that end, Rules of the Chief Administrator of the Courts (22 NYCRR) § 143.2 (c) provides that, "[w]here a Superior Court orders an alcohol and substance abuse evaluation pursuant to [CPL 216.05 (1)] to determine whether the defendant should be offered judicial diversion for alcohol and substance abuse treatment under [CPL] article 216, the case shall be referred for further proceedings to: (1) the Superior Court for drug treatment; or (2) any other part in Superior Court designated as a Drug Treatment Court part by the administrative judge for the judicial district in which the county is located or other part in Superior Court designated to adjudicate such cases by the administrative judge where the judge or justice presiding in the part . . . is in the best position to provide effective supervision over cases eligible for judicial diversion" (see 22 NYCRR 43.1; 22 NYCRR 143.1 [c]).
Here, County Court was not designated by the Administrative Judge for the Third Judicial District to preside over the drug treatment court in Sullivan County. Unlike the situation before this Court in People v Cora (135 AD3d at 988), there is nothing in the record presently before us indicating that the designated judge ever recused himself in this case, nor is there anything demonstrating that it was otherwise impractical for him to preside over defendant's application for judicial diversion (see Judiciary Law § 212 [2] [r]). Accordingly, while County Court had jurisdiction to hear the subject felony case (see CPL 10.10 [2] [b]; 10.20 [1] [a]), once an alcohol and substance abuse evaluation was ordered for defendant (see CPL 216.05 [1]) — for the express purpose of determining whether he was eligible for judicial diversion — the case should have been referred to the designated Superior Court for drug treatment pursuant to 22 NYCRR part 143. Accordingly, under the circumstances presented, we find that County Court was without authority to preside over defendant's judicial diversion hearing (see 22 NYCRR 143.2; compare People v Cora, 135 AD3d at 988). Based on this Court's holding, defendant's remaining contention has been rendered academic.
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the Superior Court designated as a Drug Treatment Court in Sullivan County by the Administrative Judge for the Third Judicial District for further proceedings not inconsistent with this Court's decision.